IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:25-CV-370-BO

| | |
|---|---|
| NIGEL MAX EDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| KELLIE PICKLER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's motion for default judgment, [DE-6], corrected motion for default judgment, [DE-7], and motion to expedite, [DE-8], which are referred to the undersigned for a memorandum and recommendation to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. R. 72.3(c)(1), E.D.N.C. For the reasons that follow, it is recommended that the complaint be dismissed for failure to state a claim and the motions be denied as moot.

I. **Background**

Plaintiff, Nigel Max Edge, with a listed address in Oak Island, North Carolina, brought this action against Defendant, Kellie Pickler ("Pickler"). According to Plaintiff, Pickler brought him as a date to the Country Music Awards ("CMA") as a part of the Hope For Our Heroes project because she allegedly committed a hate crime against him and tried to murder him via poison. Compl. [DE-1] at 1. Plaintiff claims that "it has been Proven Beyond a Reasonable Doubt that Kellie Pickler attempted to Murder the Plaintiff in accordance with a White Supremacist Pedophile Plan laid out in the Plaintiff's Social Security Number." *Id.* Plaintiff alleges that the "U.S. Firm of

Evil Gays" gave him "a lifelong sentence" of "cruelty and manipulation" that "is textbook Human Trafficking," in which Defendant has participated. *Id.* at 3. Plaintiff also alleges that Defendant is "in sync with OSAMA BIN LADEN" who used hidden cameras in Iraq "in Epstein's Pedophile Ring" "for people's benefit in the Entertainment industry." *Id.* at 1, 4. Plaintiff seeks $1 million in damages for "surviving numerous attempts of murder" and "[f]or medical treatment for being poisoned by Kellie Pickler who invited the upstanding Marine to this event as a Publicity stunt in order to murder [him] for media attention who would observe this event as a 'Suicide.'" *Id.* at 5.

In his complaint, Plaintiff includes a picture of his Social Security card with a notation that the number is a code for "murder (attempted in Iraq) now suicide," *id.* at 2, a picture of his birth certificate that "shows that this hate crime was a lifelong sentence created at the issuance of this document," *id.* at 3, and part of a newspaper article with a picture of him and Defendant at the CMAs, *id.* at 4–5. Within the complaint, Plaintiff has circled Defendant's head and Hope For Our Heroes in red pen. *Id.* at 4–5.

Plaintiff has also filed a Proof of Service Form for Defendant and Jeff Frasco of Creative Artist Agency in California. [DE-5] at 2. Within that, he has attached a certified mail receipt addressed to Defendant and Jeff Frasco of Creative Artist Agency in California with an illegible signature. *Id.* Defendant has not appeared in the case, and Plaintiff has moved for default judgment, [DE-4]. In the motion, he attaches two pictures of Defendant—one of her with a Jim Beam bottle that he claims has poison inside and one with him, Defendant, and another man who he identifies as his ex-wife's father. *Id.* at 3. Plaintiff has also filed a motion to expedite the default judgment without attaching anything to the motion, [DE-8], and a document titled Motion Support containing further allegations regarding Defendant's alleged attempt to poison him, [DE-9].

2

## II. Standard of Review

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits, and the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff filed a motion for default judgment, not for entry of default. However, because it cannot consider a default judgment prior to an entry of default, the court construes Plaintiff's *pro se* motion for default judgment as a motion requesting entry of default pursuant to Fed. R. Civ. P. 55(a). *See Shreve v. Wolfe*, No. 5:21-CV-98-BO, 2021 WL 3824674, at *1 (E.D.N.C. Aug. 26, 2021).

Entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The court notes, however, that "public policy strongly prefers that courts decide cases on the merits." *Sears v. United States*, No. 5:12-CT-3078-BO, 2014 WL 3510122, at *2 (E.D.N.C. July 15, 2014) (citing *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417–21 (4th Cir. 2010)).

## III. Discussion

### i. Failure to State a Claim

"A complaint must allege enough facts to state a claim for relief that is facially plausible."

*Shreve*, 2021 WL 3824674, at *4 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, the facts pled "must 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'" without conclusory statements. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Factual allegations cannot only be conceivable; they must be plausible. *Twombly*, 550 U.S. at 570. Thus, "[t]he complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct." *Shreve*, 2021 WL 3824674, at *4 (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009)). "The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (citing *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

A district court may dismiss *sua sponte* a complaint for failure to state a claim. *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. Oct. 2020 update) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district court judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim ....")); *Edge v. United States*, No. 7:24-CV-1086-FL, 2025 WL 818568, at *7 (E.D.N.C. Mar. 13, 2025), *aff'd*, No. 25-1261, 2025 WL 1692742 (4th Cir. June 17, 2025) ("Although defendant Barry has not appeared in this action nor moved for dismissal, the court also dismisses any constitutional claims against him for failure to state a claim."). This exercise of authority may only occur if the complainant is "afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson*, 989 F.3d at 291 (quoting *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002)). As this is a memorandum and recommendation, Plaintiff will have notice and

opportunity to seek to amend the complaint before the district court. *See e.g., Hardwick v. Lewis*, No. 5:23-CV-504-BO, 2024 WL 4500706, at *5 (E.D.N.C. Mar. 28, 2024), *report and recommendation adopted*, 2024 WL 4100491 (E.D.N.C. Sept. 6, 2024).

As an initial matter, Plaintiff's factual allegations are so delusional that they are simply unbelievable. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a case is frivolous if it lacks an arguable basis in either law or fact); *see also McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). Furthermore, no federal "hate crime" act "creates a private cause of action." *Estate of Brown v. Gonzales*, No. 2:07-CV-7-F, 2007 WL 9718308, at *2 (E.D.N.C. Apr. 20, 2007) (citing *Hastey v. Bush*, No. 503-CV-0088-C, 2003 WL 22289885, at *6 (N.D. Tex. Oct. 6, 2003) (dismissing a plaintiff's claim for lack of standing because "Plaintiff does not have available to him a private cause of action under any federal hate crime statutes"). Finally, because Plaintiff is proceeding *pro se* and checked the box for "other civil rights" as the nature of his suit in the civil cover sheet, [DE-1-1], the court out of an abundance of caution charitably construes his claim as one for conspiracy to deny him his civil rights under 42 U.S.C. § 1985(3), but finds that the allegations fail to state a plausible claim.

To state a claim for conspiracy to deny civil rights, a plaintiff must allege:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Melvin v. Soc. Sec. Admin*, 126 F. Supp. 3d 584, 610 (E.D.N.C. 2015) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995) (citations omitted)). To establish a conspiracy, "a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's

5

constitutional rights," which "is a 'relatively stringent standard' that requires sufficient evidence that the alleged conspirators participated in a joint plan." *Id.* (quoting *Simmons*, 47 F.3d at 1377 (citations omitted)). Notably, the Fourth Circuit "has rarely, if ever, found that a plaintiff as set forth sufficient facts to establish a section 1985 conspiracy." *Simmons*, 47 F.3d at 1377. It has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.*

Here, Plaintiff failed to plausibly allege a conspiracy. While the complaint is not a model of clarity, it seems like he alleges that Defendant may have conspired with Osama Bin Laden or the LGBQT community in "a White Supremacist Pedophile Plan." [DE-1] at 1. However, he fails to plausible allege facts from which the court could infer that Defendant is connected to those individuals or had a "meeting of the minds." *See Melvin*, 126 F. Supp. 3d at 610 (failure to sufficiently allege a meeting of the minds when "[t]here are no facts showing that [the defendant] ever had any communication with, or was ever contacted by [the second defendant]"). Thus, Plaintiff's allegations are not sufficient to plausibly plead a conspiracy. *See id.* (dismissing a § 1985(3) claim when the plaintiff failed to plead a conspiracy).

Additionally, Plaintiff does not allege that he was a member of a suspect class. He claims that Defendant targeted him for his "Weapon of Mass destruction (due to the shape of [his] penis)," [DE-1] at 4, but this is not a suspect class that triggers heightened scrutiny. *Compare Strickland v. United States*, 32 F.4th 311, 362 (4th Cir. 2022) (recognizing gender-based classifications), *with Mina v. Southern Shores Town*, No. 2:24-CV-00042-M, 2025 WL 2083925, at *3 (E.D.N.C. July 24, 2025) (not protecting classification based on socioeconomic status or wearing hair in dreadlocks). Therefore, Plaintiff has "failed to allege sufficient facts to plausibly show that [Defendant] w[as] motived by racial or class based discriminatory animus." *See Melvin*, 126 F.

Supp. 3d at 611.

Moreover, Plaintiff does not adequately plead injury. He alludes to "medical treatment" that he received as a result of Defendant allegedly poisoning him, but he does not explain further. [DE-1] at 5; *see Christian v. North Carolina*, No. 5:13-CV-739-FL, 2014 WL 652653 at *6 (E.D.N.C. Feb. 19, 2014) (dismissing a complaint that "is scattershot in nature, consisting wholly of conclusions"). Additionally, Plaintiff's delusional allegations make it difficult to decipher how he was harmed. *See Christian*, 2014 WL 652653 at *6 (the claims "are 'so nutty, delusional, or wholly fanciful as to be simply unbelievable'") (internal quotations and citations omitted) (quoting *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009)). Thus, his claim of injury is too conclusory to support a claim for conspiracy to deny civil rights. *See Melvin*, 126 F. Supp. 3d at 610–11 (dismissing a claim for conspiracy to deny civil rights that only "summarily allege[d]" the elements without sufficient facts). Accordingly, it is recommended that the complaint be dismissed for failure to state a claim. *See Robertson*, 989 F.3d at 291 (permitting a court to dismiss *sua sponte* for failure to state a claim).

### ii. Service

Should the court find that Plaintiff's allegations are sufficient to state a claim, the entry of default is not appropriate because Plaintiff has failed to demonstrate proper service. In support of the motion to default, Plaintiff attaches a proof of service form, [DE-5] at 1, and a certified mail receipt addressed to Defendant and Jeff Frasco at Creative Artist Agency in California, *id.* at 2. Defendant has not appeared in the case.

As a prerequisite to an entry of default, the party against whom judgment is sought "must have properly been served with process." *Melvin v. Soc. Sec. Admin.*, No. 5:09-CV-235-FL, 2010 WL 1958604, at *12 (E.D.N.C. Mar. 24, 2010) (citing *Scott v. District of Columbia*, 598 F. Supp.

7

2d 30, 36 (D.D.C. 2009) ("Default cannot be entered where there was insufficient service of process.")). Proof of service must be made to the court by affidavit. Fed. R. Civ. P. 4(1)(1).

Service of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4 requires that a valid summons contain the name of the court and the parties, be directed to the defendant, state the name and address of the plaintiff or plaintiff's attorney, state the time within which the defendant must appear and defend, notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded, be signed by the clerk, and bear the court's seal. Fed. R. Civ. P. 4(a)(1). The Rule also provides that a valid summons must be served upon the defendant along with a copy of the complaint to effectuate service unless the defendant chooses to waive the service requirements. *Id.* (c)(1)–(d). Yet, the plaintiff cannot serve the summons and complaint himself. *Id.* (c)(2).

Individual defendants may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id.* (e). North Carolina and California have similar rules for service on individual defendants. *See* N.C. Gen. Stat. § 1A-1, Rule 4(b) (service on an individual may occur by delivering the summons and complaint "to an agent authorized by appointment or by law to be served"); Cal. Code Civ. P. § 1011(b)(3) (service upon a party, if the home address is unknown, to the clerk of court). Thus,

8

neither state allows individual service to a defendant's place of business. Relatedly, "[s]ervice of process cannot be effected upon defendant by serving at his place of employment individuals who are not authorized to accept service of process." *Watson v. Jiffy Lube Lube Core*, No. 5:10-CV-00572-F, 2011 WL 2456707, at *2 (E.D.N.C. June 15, 2011) (quoting *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003)).

Here, Plaintiff did not serve the summons and complaint properly. Plaintiff himself tried to effectuate service by mailing the summons and complaint, even though he is not allowed to do so. *See* Fed. R. Civ. P. 4(c)(2); *see also Norton v. Columbus Cnty. Bd. of Elections*, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.") (quoting *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010)). Furthermore, Plaintiff could not serve Defendant by mail at her place of business, even if the talent agency could qualify as such. *See Clifton-Carter v. Clinical Laboratory Servs. Inc. of Georgia,* No. 5:21-CV-258-D, 2022 WL 5101658, at *2 (E.D.N.C. Oct. 4, 2022) (insufficient service of individual defendants when the plaintiff attempted to serve them by mail at their place of business). It is also unclear whether the person who signed the certified mail receipt at the talent agency is authorized to accept service on Defendant's behalf. *See id.* (insufficient service of individual defendants when the plaintiff did not serve an authorized agent). Thus, under North Carolina and California law, service was insufficient. *See id.* at *3 (dismissing a complaint with improper service). Accordingly, to the extent the court reaches the motion for default judgment, construed as a motion to default, it is recommended that the motion be denied due to lack of service and the motion to expedite be denied as moot.

9

Case 7:25-cv-00370-BO-RJ    Document 10    Filed 08/18/25    Page 9 of 10

## IV. Conclusion

For the reasons stated above, it is RECOMMENDED that the complaint be DISMISSED for failure to state a claim and Plaintiff's motions for default judgment, construed as a motion for default, and expedited review be DENIED AS MOOT.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. You shall have until **Tuesday, September 2, 2025**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. **If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted, this 18th day of August, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge